# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * *   *
                                      *
UXB INTERNATIONAL, INC.,              *
                                      *
                Plaintiff,             *
                                      *
                                      *   No. 14-435C
        v.                            *   Filed: February 20, 2015
                                      *
UNITED STATES,                        *
                                      *
                Defendant.             *
                                      *
* * * * * * * * * * * * * * * * * *   *
```

## O R D E R

The court is in receipt of plaintiff's February 19, 2015 notice of voluntary dismissal of the above captioned case. As has been described in three previous Orders, the above captioned case was filed on May 21, 2014. On September 8, 2014, defendant filed a motion to dismiss the above captioned case. The response to the motion to dismiss the complaint was due by October 9, 2014. On October 1, 2014, the court held a status conference with the parties. At the status conference, the parties discussed the possibility of plaintiff amending the complaint. Plaintiff did not move to amend the complaint or respond to the motion to dismiss, instead plaintiff has filed motions for enlargement totaling 109 days.

In the court's February 2, 2015 Order, noting the amount of time that has passed since the defendant's September 8, 2014 motion to dismiss was filed, the court ordered

> on or before **Monday, February 9, 2015**, plaintiff shall file a motion to amend the complaint, respond to motion to dismiss or plaintiff's counsel shall show cause in a filing with the court why plaintiff's case should not be dismissed for failure to prosecute and failure to comply with Rule 41(b) of the Rules of the United States Court of Federal Claims. RCFC 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." If instead, plaintiff files another motion for an enlargement of time, in addition to being out of time, and which will be viewed skeptically by the court, plaintiff shall document, with specificity, the circumstances which require additional time for plaintiff to timely address the motion to dismiss.

On February 9, 2015 plaintiff filed yet another "Motion To Amend Complaint and for an enlargement of time to file." The entirety of plaintiff's motion stated:

Plaintiff, UXB International, Inc. ("Plaintiff" or "UXB") by its undersigned counsel, states that it will file an amended complaint as per Judge Horn's February 2, 2015 Order.

Plaintiff UXB has been working to complete their compilation of information and has gotten it late to counsel who still requests the time to review it and utilize it to amend [sic] complaint accordingly.

Plaintiff requests that it file its amended complaint on or before February 17, 2015 (Monday being a holiday).

This is a serious and important matter to UXB and plaintiff's counsel and as such, plaintiff's counsel apologizes to the Court and Judge Horn for the delay.

In the court's February 11, 2015 Order, the court noted that plaintiff and plaintiff's counsel did not address the requirement to show cause why the complaint should not be dismissed in the February 9, 2015 motion, nor did the plaintiff "document, with specificity, the circumstances which require additional time for plaintiff to timely address the motion to dismiss." Instead, the court noted that plaintiff and plaintiff's counsel merely stated that "Plaintiff UXB has been working to complete their compilation of information and has gotten it late to counsel who still requests the time to review it and utilize it to amend [sic] complaint accordingly."

Despite the lack of specificity in plaintiff's motion, the court granted the motion and instructed plaintiff to file a motion to amend the complaint by February 17, 2015. The February 11, 2015 Order stated:

> Moreover, in light of the repeated, delays, and incomplete information from plaintiff's counsel and plaintiff, the court schedules a status conference for **Friday, February 20, 2015, 12:30 p.m., EST.** Both parties may appear by telephone. Unless otherwise notified, the court will contact Ms. Malyszek at (310) 775-2525 and Mr. Canizares at (202) 305-3274. A representative of plaintiff, with decision making authority, shall appear at the status conference as well. On or before **Thursday, February 19, 2015, 12:00 p.m., EST**, plaintiff's counsel shall provide the telephone number for plaintiff's representative to the court at (202) 357-6580. The status conference will be recorded. At the status conference, if no valid explanations are offered, the court may dismiss the case for failure to prosecute.

Despite the clear language in the previous Orders, plaintiff did not file an amended complaint by February 17, 2015, nor file any document offering any sort of explanation for the failure to file. Plaintiff compounded this failure by not providing the

required contact information for plaintiff's representative at the February 20, 2015 conference.  Court orders are not to be ignored.

Instead, on the eve of the February 20, 2015 status conference, plaintiff's counsel filed a notice of voluntary dismissal.  In the notice plaintiff claims that:

> Plaintiff had intended to file an amended complaint. Plaintiff's counsel was not involved in the request for equitable adjustment/claim that was submitted by plaintiff to the contracting officer prior to this complaint. After discussions, review of the REA that was submitted to the contracting officer, and new information intended for the amended complaint, it was determined that there is information that was not submitted to the contracting officer beyond what was anticipated to be included in the amended complaint that would require submittal to the contracting officer for a determination. Therefore, the plaintiff desires to voluntarily dismiss its complaint.

At no time has this information been previously conveyed to the court. Plaintiff has waited 165 days since the filing of the motion to dismiss to determine the above captioned case should be dismissed. Plaintiff, as a corporation which filed in this court seeking relief, and plaintiff's counsel's, as an officer of the court, should have more respect for the court, and for the Department of Justice than has been demonstrated during the pendency of the case.

Nonetheless, as plaintiff has determined its claims should be dismissed, and pursuant to Rule 41(a)(1)(A)(i) of the Rules of the United States Court of Federal Claims (2014), this court **ORDERS** that the above captioned case be **DISMISSED,** without prejudice. The court **CANCELS** the status conference previously scheduled for Friday, February 20, 2015, at 12:30 p.m., EST.

**IT IS SO ORDERED**.

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**